UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLORENCE CARBERRY,<br><br>       Plaintiff,<br><br>v.<br><br>MACY'S EAST, INC. and FEDERATED RETAIL HOLDINGS, INC.,<br><br>       Defendants. | Civil Action No. 07 CIV 8691 (LAK)<br><br>**DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants Macy's East, a division of Macy's Retail Holdings, Inc. (formerly known as "Macy's East, Inc.") and Macy's Retail Holdings, Inc. (formerly known as "Federated Retail Holdings, Inc."), collectively referred to as "Defendants" herein, answer the numbered paragraphs of Plaintiff's Complaint ("Complaint") in this matter as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore deny same.

2. Deny the allegations in paragraph 2 of the Complaint. Further answering, Defendants state that Macy's Retail Holdings, Inc. is a New York corporation with its principal place of business in Cincinnati, Ohio, and that Macy's East is an unincorporated division of Macy's Retail Holdings, Inc. Defendants further state that Macy's East operates Macy's department stores in twelve states and the District of Columbia, including the flagship Macy's store at Herald Square in New York City.

3. State that the allegations in paragraph 3 are a legal conclusion which need not be admitted or denied. To the extent paragraph 3 contains any factual assertions, Defendants deny same.

      4.      State that the allegations in paragraph 4 are a legal conclusion which need not be admitted or denied. To the extent paragraph 4 contains any factual assertions, Defendants deny same.

      5.      State that the allegations in paragraph 5 are a legal conclusion which need not be admitted or denied. To the extent paragraph 5 contains any factual assertions, Defendants deny same.

      6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admit that the Equal Employment Opportunity Commission issued a Notice of Dismissal and Rights as to Plaintiff's charge No. 16G-2007-00097.

      7.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint, and therefore deny same.

      8.      State that the allegations in paragraph 8 are a legal conclusion which need not be admitted or denied. To the extent paragraph 8 contains any factual assertions, Defendants deny same.

      9.      Deny the allegations in paragraph 9 of the Complaint. Further answering, Defendants state that Plaintiff was hired by a predecessor-in-interest of Macy's East in 1980.

      10.     Deny the allegations in paragraph 10 of the Complaint.

      11.     State that the allegations in paragraph 11 are a legal conclusion which need not be admitted or denied. To the extent paragraph 11 contains any factual assertions, Defendants deny same.

12. State that the allegations in paragraph 12 are a legal conclusion which need not be admitted or denied. To the extent paragraph 12 contains any factual assertions, Defendants deny same.

13. State that the allegations in paragraph 13 are a legal conclusion which need not be admitted or denied. To the extent paragraph 13 contains any factual assertions, Defendants deny same.

14. Denies the allegations in paragraph 14 of the Complaint, except admit that Plaintiff has taken medical leaves and sought accommodations during her employment.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies same.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies same.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint, except admits that Plaintiff has sought accommodations during her employment.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint, except admits that Plaintiff spoke to manager Robert Wehrle about Ms. Green on one occasion in May 2005, complained to Human Resources about Ms. Green on three occasions, once in April 2005 and twice in May 2005, and spoke to Macy's East's Central Disability Office about Ms. Green on one occasion in April 2005.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint, except admits that Plaintiff complained to Human Resources about Ms. Reese on one occasion in December 2004 and spoke to Mr. Wehrle about Ms. Reese on one occasion in December 2004.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint, except admits that Plaintiff complained to Human Resources about Ms. Reese on one occasion in December 2004 and spoke to Mr. Wehrle about Ms. Reese on one occasion in December 2004.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies the same, except specifically denies that Ms. Green disclosed Plaintiff's bipolar condition. Further answering, Plaintiff admittedly disclosed her bipolar condition to her co-workers.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies same, except admits that Plaintiff claimed to Human Resources that Ms. Green had allegedly disclosed her bipolar condition. Further answering, Plaintiff admittedly disclosed her bipolar condition to her co-workers.

39. Deny the allegations in paragraph 39 of the Complaint, except admit that Plaintiff claimed to Human Resources that Ms. Green had disclosed her bipolar condition on two occasions in May 2005.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 42 of the Complaint, and therefore denies same.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint, except admit that Plaintiff returned to work from a medical leave in June 2005. Further answering, Defendants state that Plaintiff was on medical leave from June 16, 2005 through June 21, 2005, returning to work on June 22, 2005.

45. Deny the allegations in paragraph 45 of the Complaint, except admit that a member of the Human Resources staff met with Plaintiff on July 6, 2005. Further answering, Defendants state that Plaintiff took a leave of absence beginning on July 7, 2005.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint. Further answering, Defendants state that Plaintiff took a leave of absence beginning on July 7, 2005. Further

answering, Defendants state that on August 1, 2005, Dr. Baruch Young certified that Plaintiff was unable to work from August 1, 2005 through August 20, 2005.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny the allegations in paragraph 49 of the Complaint, except admits that Plaintiff was informed that employees had reported threats made by her, including, but not limited to, a threat to "blow-up" or burn down the Macy's store at Herald Square.

50. Deny the allegations in paragraph 50 of the Complaint, except admit that Plaintiff denied making the threats, but admitted that she offended people.

51. Deny the allegations in paragraph 51 of the Complaint. Further answering, Defendants state that on or about August 3, 2005, a representative from Human Resources informed Plaintiff that she could not return to work until she had a Fitness for Duty Evaluation.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies same, except admits that on September 22, 2005, psychiatrist A. Angulo M.D. wrote that Plaintiff "currently doesn't appear dangerous to self or others and appears psychiatrically stable."

53. Deny the allegations in paragraph 53 of the Complaint.

54. Deny the allegations in paragraph 54 of the Complaint, except admits that Plaintiff signed an Authorization for Release of Information to members of the Human Resources staff on August 4, 2005 and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's "wants" and "wishes," and therefore denies same.

55. Deny the allegations in paragraph 55 of the Complaint, except admits that Plaintiff saw psychologist Barry E. Golinko, Ph. D. on multiple occasions in August 2005 for a Fitness for Duty Evaluation.

56. Deny the allegations in paragraph 56 of the Complaint, except admits that on September 22, 2005, Plaintiff claimed to Grace Sells of Macy's East's Central Disability office that she had been medically cleared to return to work.

57. Deny the allegations in paragraph 57 of the Complaint.

58. Deny the allegations in paragraph 58 of the Complaint.

59. Deny the allegations in paragraph 59 of the Complaint.

60. Deny the allegations in paragraph 60 of the Complaint.

61. Deny the allegations in paragraph 61 of the Complaint.

62. Deny the allegations in paragraph 62 of the Complaint.

63. Deny the allegations in paragraph 63 of the Complaint. Further answering, Defendants state that a note from psychiatrist A. Angulo, M.D., which stated that Plaintiff "currently doesn't appear dangerous to self or others and appears psychiatrically stable," was received on September 23, 2005.

64. Deny the allegations in paragraph 64 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's desire to return to work, and therefore denies same.

65. Deny the allegations in paragraph 65 of the Complaint, except admits that Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights on October 3, 2005, and respectfully refers the Court to that complaint for its content.

66. Deny the allegations in paragraph 66 of the Complaint.

67. Deny the allegation in paragraph 67 of the Complaint. Further answering, Defendants state that as of June 28, 2006, Plaintiff was "fit for duty but only on a different floor selling articles that she is used to selling to make her feel comfortable for a one month trial period."

68. Deny the allegations in paragraph 68 of the Complaint.

69. Deny the allegations in paragraph 69 of the Complaint.

70. Deny the allegations in paragraph 70 of the Complaint.

71. Deny the allegations in paragraph 71 of the Complaint, except admit that Plaintiff returned to work on March 14, 2007.

## COUNT I

### DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE ADA

72. Defendants repeat their responses to the allegations contained in Paragraphs 1 through 71 of the Complaint and incorporate them by reference as if fully set forth herein.

73. Deny the allegations in paragraph 73 of the Complaint.

74. Deny the allegations in paragraph 74 of the Complaint.

75. Deny the allegations in paragraph 75 of the Complaint.

76. Deny the allegations in paragraph 76 of the Complaint.

77. Deny the allegations in paragraph 77 of the Complaint.

78. Deny the allegations in paragraph 78 of the Complaint.

79. Deny the allegations in paragraph 79 of the Complaint.

## COUNT II

## DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE ADA

80. Defendants repeat their responses to the allegations contained in Paragraphs 1 through 79 of the Complaint and incorporate them by reference as if fully set forth herein.

81. Deny the allegations in paragraph 81 of the Complaint.

82. Deny the allegations in paragraph 82 of the Complaint.

83. Deny the allegations in paragraph 83 of the Complaint.

84. Deny the allegations in paragraph 84 of the Complaint.

85. Deny the allegations in paragraph 85 of the Complaint.

86. Deny the allegation sin paragraph 86 of the Complaint.

87. Deny the allegation in paragraph 87 of the Complaint.

## COUNT III

## FAMILY MEDICAL LEAVE ACT

88. Defendants repeat their responses to the allegations contained in Paragraphs 1 through 87 of the Complaint and incorporate them by reference as if fully set forth herein.

89. State that the allegations in paragraph 89 are a legal conclusion which need not be admitted or denied. To the extent paragraph 89 contains any factual assertions, Defendants deny same.

90. State that the allegations in paragraph 90 are a legal conclusion which need not be admitted or denied. To the extent paragraph 90 contains any factual assertions, Defendants deny same.

91.     State that the allegations in paragraph 91 are a legal conclusion which need not be admitted or denied. To the extent paragraph 91 contains any factual assertions, Defendants deny same.

92.     State that the allegations in paragraph 92 are a legal conclusion which need not be admitted or denied. To the extent paragraph 92 contains any factual assertions, Defendants deny same.

93.     Deny the allegations in paragraph 93 of the Complaint.

94.     Deny the allegations in paragraph 94 of the Complaint, except admit that Plaintiff sought medical leave on various occasions throughout her employment.

95.     Deny the allegations in paragraph 95 of the Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint and therefore deny same, except admits that Plaintiff was on a leave designated as FMLA from June 16, 2005 through June 21, 2005.

97.     Deny the allegations in paragraph 97 of the Complaint.

98.     Deny the allegations in paragraph 98 of the Complaint. Further answering, Defendants state that Plaintiff took a leave of absence effective July 7, 2005.

99.     Deny the allegations in paragraph 99 of the Complaint.

100.    Deny the allegations in paragraph 100 of the Complaint.

101.    Deny the allegations in paragraph 101 of the Complaint.

## COUNT IV

### VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

102.    Defendants repeat their responses to the allegations contained in Paragraphs 1 through 101 of the Complaint and incorporate them by reference as if fully set forth herein.

103. Deny the allegations in paragraph 103 of the Complaint.

104. Deny the allegations in paragraph 104 of the Complaint.

105. Deny the allegations in paragraph 105 of the Complaint.

106. Deny the allegations in paragraph 106 of the Complaint.

107. Deny the allegations in paragraph 107 of the Complaint.

108. Deny the allegations in paragraph 108 of the Complaint.

## COUNT V

## VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE

109. Defendants repeat their responses to the allegations contained in Paragraphs 1 through 108 of the Complaint and incorporate them by reference as if fully set forth herein.

110. Deny the allegations in paragraph 110 of the Complaint.

111. Deny the allegations in paragraph 111 of the Complaint.

112. Deny the allegations in paragraph 112 of the Complaint.

113. Deny the allegations in paragraph 113 of the Complaint.

114. Deny the allegations in paragraph 114 of the Complaint.

115. Deny the allegations in paragraph 115 of the Complaint.

116. Deny the allegations in paragraph 116 of the Complaint.

117. Deny the allegations in paragraph 117 of the Complaint.

118. Deny the allegations in paragraph 118 of the Complaint.

## COUNT VI

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

119. Defendants repeat their responses to the allegations contained in Paragraphs 1 through 118 of the Complaint and incorporate them by reference as if fully set forth herein.

120. Deny the allegations in paragraph 120 of the Complaint.

121. Deny the allegations in paragraph 121 of the Complaint.

122. Deny the allegations in paragraph 122 of the Complaint.

123. Deny the allegations in paragraph 123 of the Complaint.

124. State that the allegations in paragraph 124 are a legal conclusion which need not be admitted or denied. To the extent paragraph 124 contains any factual assertions, Defendants deny same.

With respect to Plaintiff's prayers for relief, Defendants deny that Plaintiff is entitled to such relief or any relief whatsoever.

Defendants deny each and every allegation in the Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not a disabled person within the meaning of the law.

### FOURTH AFFIRMATIVE DEFENSE

All adverse actions against the Plaintiff were based upon legitimate, non-discriminatory and/or non-retaliatory factors other than Plaintiff's alleged disability or use of Family Medical Leave Act leave.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified disabled person within the meaning of the law, and/or Plaintiff did not seek a reasonable accommodation.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the New York State workers' compensation law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails based upon the doctrine of laches, estoppel, unclean hands, consent, waiver, and/or acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately mitigate her damages, entitlement to which is expressly denied.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff did not meet the minimum qualifications for her position.

### TENTH AFFIRMATIVE DEFENSE

Defendants fully accommodated Plaintiff's alleged medical condition(s).

### ELEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were caused in whole or in part as a result of Plaintiff's own actions, for which Defendants have no liability.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to exhaust administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for punitive damages, because of their good faith efforts to comply with the Family Medical Leave Act and all equal employment opportunity laws, including, but not limited to, those identified in the Complaint.  They are further not liable for such damages because they did not act in bad faith and/or did not commit any malicious act, nor did they authorize or ratify such an act.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to adequately exhaust her administrative remedies and/or failure to fulfill the procedural and/or administrative and/or judicial prerequisites for maintaining this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated any decision affecting Plaintiff's employment (which Defendants specifically deny), Defendants would have taken the same action against Plaintiff but for such discriminatory intent or motive.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of an accord and satisfaction.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants took reasonable case to avoid harassing behavior, and other forms of improper behavior, by persons for whom they are responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take advantage of preventative or corrective opportunities provided by Defendants to avoid harm.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in party, because she was not eligible for, and/or exhausted her right to leave under the Family Medical Leave Act.

WHEREFORE, Defendants respectfully request:

1. The Complaint be dismissed with prejudice;

2. Each and every prayer for relief in the Complaint be denied;

3. Judgment be entered in favor of Defendants;

4. Defendants be awarded their costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and

5. Such other relief as this Court deems just and proper.

Dated: January 2, 2008

                    Respectfully submitted,

                    MACY'S RETAIL HOLDINGS, INC. and
                    MACY'S EAST,

                    By Their Attorneys,

                        */s/ Laura M. Raisty*
                    _____
                    Jaclyn L. Kugell (*pro hac vice* motion *sub judice*)
                    Laura M. Raisty (LR 7965)
                    MORGAN, BROWN & JOY, LLP
                    200 State Street
                    Boston, MA  02109
                    (617) 523-6666

## PROOF OF SERVICE

I hereby certify that on January 2, 2008, the foregoing document was served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Electronic Filing Procedures upon the following parties and participants:

Elizabeth A. Mason, Esq.
Law Offices of Elizabeth A. Mason, L.L.P.
45 Rockefeller Plaza
New York City, NY  10111

Counsel for Plaintiff

                                        */s/ Laura M. Raisty*
                                    _____
                                    Laura M. Raisty (LR 7965)
                                    MORGAN BROWN & JOY, LLP
                                    200 State Street
                                    Boston, MA  02109
                                    (617) 523-6666